```
         UNITED STATES BANKRUPTCY COURT
        MIDDLE DISTRICT OF NORTH CAROLINA
              GREENSBORO DIVISION
```

IN RE:                          )
                                )
Chevette Demetrous Holt,        )   Case No. 04-13584C-13G
                                )
         Debtor.                )
                                )

## MEMORANDUM OPINION

This case came before the court on May 10, 2005, for hearing upon a motion by American General Financial Services, Inc. ("American General") for relief from the automatic stay. Kristin D. Ogburn appeared on behalf of American General, Kenneth M. Johnson appeared on behalf of the Debtor and Jody Kinlaw Troxler appeared as Chapter 13 Trustee. Having considered the motion, the evidence offered at the hearing, matters of record in this case and the arguments of counsel, the court makes the following findings and conclusions pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure.

## FACTS

When this case was filed on November 23, 2004, the Debtor was residing at 397 Johnson Road, Reidsville, North Carolina. The Debtor's schedules listed the Johnson Road property as property owned by the Debtor and American General was listed in the schedules as holding a deed of trust on the property securing an indebtedness of $48,750.00. However, prior to the filing of this case, American General had initiated foreclosure proceedings and a non-judicial foreclosure sale had been conducted on November 12,

2004, at which American General was the highest bidder.  The report of sale was filed on November 12, 2004.  This case was filed on November 23, 2004, eleven days after the filing of the report of sale.  The Debtor listed American General as a creditor on Schedule D of his petition and American General received notice of the filing of this case.  On February 1, 2005, the Debtor caused a notice and proposed order of confirmation to be served upon parties in interest, including American General.  Under the proposed confirmation order the Debtor proposed to retain the Johnson Road property and to cure the arrearage owed to American General and maintain regular monthly payments to American General through his Chapter 13 plan.  The notice that accompanied the proposed order of confirmation provided that any objections to the proposed plan should be filed within 25 days of the date of the notice, and that the plan would be confirmed if no party objected to confirmation. The record reflects that American General was served with a copy of the initial notice of filing and with a copy of the notice and proposed order of confirmation. Despite such notice, no objection to confirmation was filed by American General, and the proposed confirmation order that had been served upon American General was entered on March 7, 2005.  American General filed its motion for relief from stay on March 23, 2005.  American General contends that, because the report of sale had been filed and the ten-day upset bid period had expired before the filing of the Debtor's

Chapter 13 petition, the Debtor had no right to cure the arrearage and that cause therefore exists to lift the automatic stay pursuant to section 362(d).  Conversely, based upon the confirmation order, the Debtor argues that he is entitled to remain in possession of the property and cure the American General arrearage by means of the payments provided for in the confirmation order.

## ANALYSIS

Under North Carolina law, an upset bid may be submitted following a non-judicial sale under a deed of trust for a period of ten days following the filing of the report of sale with the clerk of superior court.  N. C. Gen. Stat. § 45-21.27.  No confirmation of a non-judicial foreclosure sale is required under North Carolina law and if no upset bid is filed during the ten-day period, the rights of the parties to the sale "become fixed" pursuant to section 45-21.29A of the General Statutes.  "It is at this point in time that the Debtor loses his right to the equity of redemption he had in the Real Estate."  In re Smith, 24 B.R. 19, 23 (Bankr. W.D.N.C. 1982).  Moreover, the right of a debtor to seek an injunction against the sale becoming final pursuant to section 45-21.34 of the General Statutes also is lost once the ten-day period following the sale expires.  The result is that under North Carolina law a debtor's equity of redemption is lost upon the expiration of the ten-day period following the filing of the report of sale if no upset bid is filed and no injunctive relief is

obtained pursuant to section 45-21.34 during the ten-day period. Similarly, the right to cure a default in a home mortgage under federal bankruptcy law is tied to the expiration of the ten-day upset bid period.  Under section 1322(c)(1) of the Bankruptcy Code, a debtor's right to cure a default in a home mortgage ends when a debtor's residence "is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law . . . ."  In North Carolina, a property has been "sold at a foreclosure sale" for purposes of section 1322(c)(1) when the property has been auctioned at a sale that was conducted in accordance with state procedural requirements and the ten-day upset bid period has expired without any upset bids being filed.  See In re Barham, 193 B.R. 229 (Bankr. E.D.N.C. 1996).

In the present case, it is undisputed that ten days passed after the report of the November 12, 2004 foreclosure sale was filed without any upset bids being submitted.  Thus, when this case was filed on November 23, 2004, the Debtor had no right of redemption under North Carolina law with respect to the Johnson Road property and had no right to cure with respect to the indebtedness of American General under federal bankruptcy law.  Consequently, had American General not slept on its rights and filed an objection prior to the entry of the confirmation order, the resolution of the dispute between the Debtor and American General would have been straightforward and relatively routine.

Instead, the parties and the court now must wrestle with the issue of the effect, if any, of the confirmation order which provides for the retention of the property by the Debtor and the resumption of payments to American General.

The starting point in dealing with the issue involving the confirmation order is section 1327 of the Bankruptcy Code which describes the effect of confirmation. Under section 1327(a), the provisions of a confirmed plan "bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Pursuant to this provision, if American General was a "creditor" when the confirmation order was entered then the plan is binding upon American General. Under the definition contained in section 101(10) of the Bankruptcy Code a "creditor" means:

> (A) entity that has a claim against the debtor that arose at the time of or before the order for relief; (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(I) of this title; or (C) entity that has a community claim. . . .

Under this definition, whether American General is a "creditor" depends upon whether it has a "claim" against the Debtor or the estate in this case. Although "claim" is defined very broadly,[1]

---

[1] Under section 101(5), "claim" means:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated,

the record reflects that American General did not have a claim against the Debtor or the estate when this case was filed or when the plan was confirmed. It is undisputed that American General was the high bidder at the foreclosure sale with a bid of $58,621.00 which covered the full amount of the secured obligation plus court costs, cost of publication of the notice of sale, trustee's commission, documentary stamps, recording fees and all other amounts due from the Debtor. When no upset bids were filed within the ten days following American General's bid, the rights of the parties became fixed and American General's $58,621.00 bid effectively satisfied in full American General's rights against the Debtor, leaving American General with only the right to receive a deed from the trustee who conducted the sale. The result is that American General no longer had any claim against the Debtor. American General therefore was not a creditor when this case was filed and hence is not subject to section 1327(a) which makes a confirmed plan binding on creditors. Under section 1327(b), the confirmation of a plan vests "all of the property of the estate" in the debtor unless the plan or confirmation order provides

---

> unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

otherwise.  Since this provision is operative only as to property of the estate, it had no effect upon the Johnson Road property which was not property of the estate when the confirmation order was entered.  Under the deed of trust that secured the American General indebtedness, the legal title to the Johnson Road property passed to the trustee and the Debtor was the equitable owner of the property with the right to redeem at any time prior to the foreclosure of the deed of trust, i.e., an equity of redemption. See Riddick v. Davis, 16 S.E.2d 662, 666 (N.C. 1941).  However, as pointed out in Smith and Barham, the encumbered property has been sold and the debtor's equity of redemption is lost when the ten-day upset bid period following a foreclosure sale expires without any upset bids being filed, which is precisely what occurred prior to the filing of this case.  As a result, the Johnson Road property was not property of the estate and hence was not subject to being vested in the Debtor through the operation of section 1327(b).

CONCLUSION

Since American General was not a creditor of the Debtor when the plan was confirmed and the Johnson Road property never became property of the estate, the confirmation order is not binding upon American General.  Therefore, the Johnson Road property having been "sold at a foreclosure sale" prior to the filing of this case, it follows that American General is entitled to relief from the automatic stay in order to gain possession of the property.  An

order so providing will be entered contemporaneously with the filing of this memorandum opinion.

**PARTIES TO BE SERVED**

**C. Orville Light, Esq.**
**C-D, MDP Bldg.**
**407 S. Van Buren Road**
**Eden, NC 27288**

**Kristin Ogburn, Esq.**
**301 S. College Street**
**Suite 2600**
**Charlotte, NC 28202-6038**

**Anita Jo Kinlaw Troxler, Trustee**

```
                UNITED STATES BANKRUPTCY COURT
              MIDDLE DISTRICT OF NORTH CAROLINA
                      GREENSBORO DIVISION
```

IN RE:                          )
                                )
Chevette Demetrous Holt,        )    Case No. 04-13584C-13G
                                )
        Debtor.                 )
                                )

## ORDER

In accordance with the memorandum opinion filed contemporaneously herewith, it is ORDERED, ADJUDGED AND DECREED that the motion for relief from the automatic stay filed on behalf of American General Finance, Inc. is granted and the automatic stay in this case is hereby modified in order to allow American General Finance, Inc. to take possession of the real property referred to in the motion in accordance with applicable nonbankruptcy law, and the ten-day stay provided for in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure shall not be applicable to this order.

**PARTIES TO BE SERVED**

**C. Orville Light, Esq.**
**C-D, MDP Bldg.**
**407 S. Van Buren Road**
**Eden, NC 27288**

**Kristin Ogburn, Esq.**
**301 S. College Street**
**Suite 2600**
**Charlotte, NC 28202-6038**

**Anita Jo Kinlaw Troxler, Trustee**